UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

DEC 27 1996

MICHAEL N. MILBY, Clerk of Court

| | |
|---|---|
| NOEL C. ALLEN, Individually and on behalf of the Estate of TRAVIS O'NEILL ALLEN, AND REBECCA O'NEILL ALLEN | § § § § § |
| v. | § § |
| MICHAEL LEAL, CARLE UPSHAW BELLAIRE POLICE DEPARTMENT, and the CITY OF BELLAIRE, TEXAS | § § § |

C.A. NO. H-96-0030

## DEFENDANTS' MOTION TO STRIKE
## PLAINTIFFS' DESIGNATION OF EXPERT WITNESSES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1.      DEFENDANTS, under Rule 37(c)(1) of the Federal Rules of Civil Procedure move the Court to strike Plaintiffs' purported designation of expert witnesses for failure of the Plaintiffs to comply with the requirements of Rule 26 related to disclosure regarding such expert witnesses.  In support of this motion Defendants would show as follows:

### CERTIFICATE OF CONFERENCE

2.      On November 21, 1996, defendant's counsel attempted to confer with Plaintiffs' regarding the subject matter of this motion by correspondence, a copy of which is attached hereto as Exhibit "A."  A few days later, counsel for the parties spoke briefly at the federal courthouse in Beaumont at which time Plaintiffs' counsel indicated an attempt to respond to the November 21st correspondence.  (Exhibit "B").  On November 26, 1996, Defendants' counsel wrote the Plaintiffs' counsel regarding the failure to respond to the November 21, 1996 correspondence.  Although subsequent to that time, Plaintiffs' counsel has contacted the Defendants' counsel's office, spoken to an associate of Defendants' counsel, and filed various

37

pleadings with this Court, the Plaintiffs, to date, have failed to respond, in any way, to these issues raised with respect to this motion.

## ARGUMENT AND AUTHORITIES

3.      On November 15, 1996, the last day permitted by this Court's scheduling order, the plaintiff filed what purports to be a designation of expert witnesses which purports 40 expert witnesses, some without name, in connection with this case.[1]  Although the document which the Plaintiffs filed purports to be a designation of expert witnesses, it provides no information other than the name and address of a number of individuals or particular offices as well as, in most cases, the briefest of all statements regarding a general category about which an individual or office is anticipated to testify.

4.      17 of the 40 "expert witnesses" are identified as employees of the Bellaire Police Department and, indeed, include the two individual Defendants remaining in this lawsuit as well as the individual defendant previously dismissed by the Court as well as the chief of police and assistant chief of police of the City of Bellaire.   Perhaps as interesting is the Plaintiff's designation of the officers' personal counsel, Bert Springer (under section 2(c) of the Plaintiffs' designation of expert witnesses) as an expert witness on behalf of the Plaintiffs.

5.      While a significant amount of what purports to be the Plaintiffs' designation of expert witnesses appears to be nothing more than silly and inappropriate, the Plaintiffs' attempt to designate expert witnesses Massad F. Ayoob, Sparks Veasey, III, M.D., Paul B. Radelat, M.D.,

---

[1]   In addition to 40 experts, some of whom are not named but are simply identified by position, the Plaintiffs also purported to designate 4 attorneys to testify to "reasonable and necessary attorney's fees, out-of-pocket expenses and costs of court," not withstanding the fact that, in this district, expert witnesses do not testify at trial regarding attorney's fees and some judges have questioned the necessity of "expert witnesses" on the issue of attorney's fees at all.

and Kenneth E. Larer, Ph.D. is particularly troubling to the Defendants for a number of reasons. At the very least, the designation of these expert witnesses must, in accordance with Rule 37 of the Federal Rules of Civil Procedure, be stricken.

6.     Under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, as revised in 1993, and applicable at all times to this lawsuit, a party must disclose, with respect to any witness who is retained or specially employed to provide expert testimony in the case a significant amount of information regarding that expert's relationship to that case as well as others.  In addition to the other disclosures incumbent upon a party, disclosures with respect to expert witnesses must include a written report which is both prepared and signed by the witness.  That report must contain, at a minimum;

    1.    A complete statement of all opinions to be expressed and the basis and reasons therefore;

    2.    The data or other information considered by the witness in forming the opinions;

    3.    Any exhibits to be used as a summary of or support for the opinions;

    4.    The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

    5.    The compensation to be paid for the study and testimony; and

    6.    A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Rule 26(a)(2)(B) Federal Rules of Civil Procedure.  Furthermore, Rule 37(c)(1) provides that a party that, without substantial justification, fails to disclose information required by Rule 26(a) will not, unless the failure is found by the Court to be harmless, be permitted to use as evidence at trial, at a hearing, or on a motion any witness not so disclosed.  The automatic exclusion of witnesses who are not properly disclosed is "self executing" and is an "automatic sanction."

3

expert witnesses in attempt to respond to any experts whom the Court might permit the Plaintiffs to call, in spite of the application of Rule 37, without an express understanding of the testimony of any expert. Accordingly, Defendants are arguably without the ability to respond to expert testimony which the Plaintiffs may elicit from one or more of the expert witnesses whom they have identified and for whom disclosures have not been provided. Lastly, Defendants have been precluded from taking the deposition of any expert witness designated by the plaintiff because such depositions are prohibited until such time as the report contemplated by Rule 26(a)(2)(B) has been produced under the express terms of Rule 26(b)(4)(A).

9.     Defendants are aware of the fact that, as opposed to complying with the requirements imposed by Rule 26 with respect to expert designations, Plaintiffs have just recently raised excuses for their failure and have suggested to the Court that modification of the Court's scheduling order is appropriate. Defendants would submit that this is an inappropriate resolution to a problem which the Plaintiffs themselves have created for a number of reasons: First, this unnecessarily protracts the resolution of this case which, under the Court's liberal scheduling order, could very easily be resolved within the deadlines prescribed by the Court. Second, it allows Plaintiffs to benefit from their own failure to comply with the rules.

10.     The Plaintiffs complete disregard for the requirements provided to the disclosure of expert information is evidenced by the exhibits which are attached to the Plaintiffs' motion to modify the Court's scheduling order. For example, the Plaintiffs submitted a significant amount of documentation from a number of expert witnesses which is dated well in advance of the deadline for the Plaintiffs' expert designation. The Plaintiffs' counsel obviously was in

5

possession of this information but, without explanation failed to disclose any of it as of the deadline of November 25th imposed by the Court's scheduling order, or as any time thereafter.

11.     Ultimately, Plaintiffs have done little in the prosecution of this lawsuit and practically everything that they have done has been responsive to actions undertaken by the Defendants in attempting to move this case to a conclusion.  Although Plaintiffs claim that their inability to provide information responsive to the requirements of disclosure related to expert witnesses is based upon the inability to obtain information from the Defendants, the Plaintiffs made no request for this information until after their expert designations were long overdue and the issue of their deficient expert designation information was brought to Plaintiffs' counsel's attention by the defendant.  Indeed, although the Plaintiffs could have requested this information under Rule 34 FRCP months ago, they have never made a formal request for those things they now complain have not been purported.  The Defendants would submit that the Plaintiffs' motion, and contentions raised therein related to the Plaintiffs' attempt to excuse the failure to comply with the federal rules, is a thinly veiled attempt to "buy more time" because of the Plaintiffs' failure to act responsibly in the prosecution of this case during the lengthy period of time provided by this Court's scheduling order.

## CONCLUSION

12.     There can be no question that the Plaintiffs have wholly failed to comply with the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure in the attempt to designate expert witnesses.  Equally, there is no question that, in light of such failure, Rule 37(c)(1) of the Federal Rules of Civil Procedure *requires* the exclusion of all such purported designated expert witnesses from testifying in connection with any aspect of this matter.

6

CUtePDF - www.fastio.com

Plaintiffs' excuses, particularly since they were first asserted well after the Plaintiffs' failure to comply with the Federal Rules of Civil Procedure and this Court's liberal scheduling order cannot be regarded as a basis for allowing the plaintiff to benefit from their own refusal to comply with the rules.

Considering the foregoing, Defendants pray that this Court enter an order striking Plaintiffs' designation of expert witnesses served on Defendants on November 15, 1996 and filed into the record of the Court on or about that date and further exclude each and everyone of the persons therein designated by the Plaintiffs from providing expert testimony on behalf of the Plaintiffs in connection with any aspect of this matter.

Respectfully submitted,

WILLIAM S. HELFAND
SBOT: 09388250
ATTORNEY FOR DEFENDANTS

OF COUNSEL:

MAGENHEIM, BATEMAN, ROBINSON,
  WROTENBERY AND HELFAND, L.L.P.
3600 One Houston Center
1221 McKinney
Houston, Texas 77010
(713) 609-7881
(713) 609-7777 (Fax)

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record by certified mail, return receipt requested, hand-delivery, and/or facsimile transmission, on this 27th day of December, 199 6, as follows:

Graydon Wilson
J. Blake Haynes
Joseph L. Lanza
RICHARD HAYNES & ASSOCIATES
4300 Scotland
Houston, Texas 77007-7394

**CM/RRR № P 327 012 491**

WILLIAM S. HELFAND

8